

# NUMBER 13-20-00292-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**HARJIT PABLA AND SOHAN SIGNH,**                                    **Appellants,**

**v.**

**CHRISTINE J. MYERS,**                                              **Appellee.**

## On appeal from the 13th District Court
## of Navarro County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Harjit Pabla and Sohan Signh appeal from the granting of summary judgment by

the trial court in favor of appellee Christine J. Myers. Myers has filed a motion to dismiss

the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). *See* TEX. R. APP. P. 42.3(c).[1] We grant the motion.

## I. PROCEDURAL BACKGROUND[2]

On July 24, 2019, the trial court entered a partial summary judgment order against appellants. On May 29, 2020, the trial court granted appellants' motion to sever the dismissed claims, and appellants filed the instant appeal on June 24, 2020. Myers filed a motion to require a supersedeas bond in the trial court, which was granted on September 11, 2020, and ordered appellants to provide a supersedeas bond in the amount of $108,000. *See id*. R. 24.2(a)(3). Appellants subsequently filed a motion in this Court to reduce or vacate the trial court's order setting supersedeas bond, which was denied on January 12, 2021. On March 3, 2021, the trial court, upon motion from appellee, entered another order requiring supersedeas bond in the amount of $108,000 to be "paid on or before March 11, 2021." The order also sanctioned appellants in the amount of $1,000, also to be "paid on or before March 11, 2021." The record reflects that no supersedeas bond was filed and that appellants have taken no action to comply with the trial court's orders.

## II. ANALYSIS

---

[1] Under the following circumstances, on any party's motion–or on its own initiative after giving ten days' notice to all parties–the appellate court may dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if the appeal is subject to dismissal:

(a) for want of jurisdiction;
(b) for want of prosecution; or
(c) because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

TEX. R. APP. P. 42.3.

[2] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Based upon the failure of appellants to pay the associated sanctions, and/or file a supersedeas bond, Myers has requested this court to dismiss the appeal. "When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post." *Id.* Appellants have not superseded the judgment, even after being explicitly ordered to do so twice by the trial court's orders of September 11, 2020 and March 3, 2021. Inasmuch as the trial court's orders have not been complied with, we grant the dismissal of the appeal. *See id*. R. 42.3(c); *Ark of Safety Christian Church, Inc. v. Church Loans & Investments Tr*., 279 S.W.3d 775, 777 (Tex. App.—Amarillo 2007, no pet.).

### III.   CONCLUSION

Myers's motion to dismiss is hereby granted and the appeal is dismissed for failure to comply with the trial court's orders. *See* TEX. R. APP. P. 42.3(c).

NORA L. LONGORIA
Justice

Delivered and filed on the
1st day of April, 2021.

3